Donohue. J.
J.—In this case the. relators are before this court on habeas corpus, &c. The return and proceedings under it show these facts ; that in an'action, wherein one Lawton was plaintiff and one Wells defendant, pending in the marine court, that court made an order that a person not now before the court, and all persons holding for him, deliver up certain property to the defendant in the suit named, among other things a watch ; it is further alleged that the order was served on the relators, and they refused to give up the.watch, *433 and the court thereupon adjudged Walters et dl. in contempt, and imposed a fine, &c., on them. These parties have been before the court before, in this matter, on a commitment which has been held bad, on which occasion the court intimated to the respondent’s counsel that the writ was in addition bad, in failing to show such a state of facts as gave the marine court jurisdiction of the persons of the relators ; and the case comes back here with this same defect. Now that this ease may at least be put on grounds that the respondent may review, and the case not left to come here again, I hold that the commitment nowhere alleges that the relators had possession of the watch or were in a position to deliver it. The respondent attempts to get over this by going back of the return, and referring to the papers used on the motion, ending in the order of commitment. It is only necessary to say that the writ must show a valid cause of commitment on its face, and this court can not go behind to sustain or discharge it. On its face it appears that the court issued a writ to some person named, and all others holding for him and them, and, without finding or holding that the relators held for the named person, or held at all, proceeded to commit them. What power the court had to order the persons named to deliver, if they had the watch, does not appear Jn the commitment, nor is it alleged therein ; but beyond this, had the relators been named and then possession found, I find no law to sustain the commitment. I can not conceive what right the marine court has in a suit between A. and B., to ask C. to deliver what he has received from D. Had it the power to issue injunctions and appoint receivers, the extent of power here exercised would, in my judgment, be excessive.
So much for the case as it appears on the writ. If the respondent is permitted to go behind it, then the facts appear that on execution from the marine court,
*434 a marshal took the watch, and. his men pawned it, the relators redeemed it, and held it for what they paid; these facts may present merits in a suit between the owner and the holders of the watch, but that is for a jury to pass on, and not for the court to determine, on motion in a cause between these parties.
On the commitment I find no contempt charged; and on the facts attempted to be put in to sustain it, no jurisdiction to determine the relators in contempt.
In addition, I do not think the use of the old motion papers to make a new.order and commitment justified ; they had done their work, and a new motion should have been made.
Relators discharged.